KENTUCKY JOINT STOCK LAND BANK OF LEXINGTON, KENTUCKY, APPELLEE, *v.* HELLRIEGEL ET AL., APPELLANTS.

(Decided February 18, 1937.)

*Messrs. Alvord, Blakely & Ostrander,* for appellee.
*Mr. Seth Paulin,* for appellants.

NICHOLS, J. The sole question involved in this appeal on questions of law relates to the right and authority of the Common Pleas Court to fix the price for not less than which mortgaged real estate may be sold in a foreclosure proceeding after the mortgaged premises are ordered sold, and having been advertised and offered for sale, remain unsold for want of bidders, in an action wherein a subsequent purchaser of the mortgaged premises is made defendant, the equity of redemption foreclosed, but no money judgment rendered against the present owner of the premises.

In this proceeding the Common Pleas Court found

the amount due the plaintiff, Kentucky Joint Stock Land Bank of Lexington, Kentucky, on the promissory note set up in the first cause of action of its petition. It rendered judgment in favor of plaintiff against the makers of the note. The court also found an amount due the defendant, S. H. Squire, Superintendent of Banks in charge of liquidation of The Exchange Bank of Madison, Ohio, upon a promissory note set up in the cross-petition of this defendant and awarded judgment therefor. The court found that the treasurer of Lake county had the first and best lien for the amount of taxes due in the amount of $1,000 upon the premises described in the second cause of action of plaintiff's petition; that the plaintiff had the second lien upon the premises by reason of the mortgage set up in the second cause of action in its petition; and that the defendant, S. H. Squire, Superintendent of Banks in charge of the liquidation of The Exchange Bank of Madison, had the third best lien upon the premises by reason of the mortgage set up in his cross-petition. The equity of redemption of the mortgaged premises was ordered foreclosed and the mortgaged premises ordered sold unless the makers of the respective notes, above referred to, should pay the amounts found due thereon by a day certain, the court having found that the present owner of the premises was in default for answer or cross-petition, but no relief having been granted against such owner other than the foreclosure of the mortgage and sale of the mortgaged premises.

In the journal entry of the court wherein the equity of redemption was ordered foreclosed, the specific language of the journal entry of the court in ordering the sale of the mortgaged premises is as follows:

"The court further orders that if the amounts due the plaintiff and the defendant, Exchange Bank of Madison, Ohio, in this action are not paid on or before June 4, 1934, that execution issue therefor and that

the equity of redemption of the defendant, W. W. Waters (the then owner of the real estate), shall be foreclosed and the premises sold and an order of sale issue to the sheriff of Lake county, Ohio, directing him to appraise, advertise and sell said premises *as upon execution*, free of all liens thereon and free and clear of any dower of the defendant, Lydia E. Waters, therein. * * * And he will report his proceedings hereunder for further order.''

An order of sale was thereupon issued to the sheriff of Lake county commanding him to proceed without delay to appraise, advertise and sell, according to the statutes regulating judgments and executions at law, the real estate described in the petition ''to make the sum of $11,965.47, judgment with the interest thereon, and costs aforesaid.'' It was further ordered that the sheriff make return of his proceedings within sixty days. Under this order of sale the sheriff caused the premises to be appraised at the sum of $17,000 and after duly advertising and offering the premises for sale, made return of the writ, endorsed: ''Same not sold for want of bidders.''

On motion of the plaintiff, the court ordered that a new appraisal be made of the premises and an alias order of sale thereof was issued to the sheriff of Lake county, who caused the premises to be again appraised at the sum of $14,000, and, the premises being duly advertised and again offered for sale, the sheriff made return of the alias writ, endorsed as follows: ''Same not sold for want of bidders.''

On motion of the plaintiff, the court set aside the appraisement under which the premises were last offered for sale and ordered a new appraisal thereof to be made. Another order of sale was issued to the sheriff, who caused the premises again to be appraised at the sum of $14,000. The sheriff again offered the

premises for sale and made return of the order, endorsed: "Same not sold for want of bidders."

Thereafter, on motion of the plaintiff, the appraisement last herein referred to was set aside and the court fixed the amount for which the premises should be sold at not less than the sum of $6,000. Another order of sale was issued to the sheriff who duly advertised the premises for sale and thereafter made return of the order, endorsed: "Same not sold for want of bidders."

Thereafter, on motion of the plaintiff, the court ordered a new appraisal of the premises, and another order of sale was issued to the sheriff who caused the premises to be again appraised at $12,000. The sheriff again duly advertised the premises for sale. Before the return day of the writ, the sheriff returned this order, endorsed: "This writ returned, property unsold, at the request of the attorney for the plaintiff."

On motion, plaintiff was granted leave to withdraw the last alias order of sale, and upon further motion of the plaintiff the court fixed the sum of not less than $5,000 as the amount for which the premises should be sold. Another order of sale was thereupon issued to the sheriff, who caused the premises to be again advertised and offered for sale and who thereafter returned the order endorsed with his return of sale of the premises to Kentucky Joint Stock Land Bank of Lexington, Kentucky, for the sum of $5,100. Thereupon, on the same day, plaintiff moved for a confirmation of the sale made by the sheriff to it, and the defendant, S. H. Squire, Superintendent of Banks of the state of Ohio in charge of the liquidation of The Exchange Bank of Madison, moved the court for an order to set aside the sale on the ground that the same is illegal and not in conformity to law in that the property was not sold for two-thirds of the appraised value thereof as required by law. The court overruled the

motion. of the Superintendent of Banks, to which action an exception was noted. The court found that the sale made by the sheriff, as set forth in his return, was in all respects in conformity to law; and such sale and the proceedings of the sheriff thereunder were approved and confirmed, the sheriff ordered to execute and deliver to the purchaser a deed for the premises as provided by law, and a writ of possession was awarded to the purchaser, to all of which the defendant, S. H. Squire, Superintendent of Banks of the state of Ohio in charge· of the liquidation of The Exchange Bank of Madison, excepted.

Notice of appeal was duly filed by S. H. Squire, Superintendent of Banks of the state of Ohio in charge of the liquidation of The Exchange Bank of Madison, from the last mentioned orders of the Common Pleas Court.

Did the Common Pleas Court, in the state of the record as above set forth, have the power and authority to fix a price for not less than which the property involved in this foreclosure action was sold under the last mentioned order of the court? To the determination of this question certain sections of the General Code must be considered.

Section 11710, General Code, is as follows:

"When real estate taken on execution and appraised, and advertised and offered for sale, is unsold for want of bidders, the court from which the execution issued, on motion of the plaintiff, shall set aside such appraisement, and order a new appraisement to be made, or set aside the levy and appraisement, and award a new execution to issue, as the case requires. When such real estate or a part of it has been two times appraised and thereafter advertised and offered for sale, and is unsold for want of bidders, the court may direct the amount for which it shall be sold."

It will be observed that this section relates to "real .

estate taken on execution'' and it will be further observed that in the decree of foreclosure entered in this case the Common Pleas Court ordered the premises to be sold ''as upon execution.'' We are of opinion that no right existed in the Common Pleas Court to order the premises sold as upon execution.

The petition of plaintiff alleges that on the 30th of December, 1929 (after the execution by Joseph Hellriegel and Vernie Hellriegel of the note set up in the petition) the defendant, W. W. Waters, for valuable consideration and by deed of general warranty of record in Volume 134, page 27 of the deed records of Lake county, Ohio, purchased the real estate sought to be foreclosed and as a part of the consideration therefor expressly assumed the payment of the balance due on the note secured by plaintiff's mortgage. But it is observed that in the cross-petition of the defendant, The Exchange Bank of Madison, it is alleged that the defendants, Joseph Hellriegel and Vernie Hellriegel, on the 30th of December, 1929, by quitclaim deed, conveyed the premises to W. W. Waters, ''subject to the encumbrances then on said property,'' which deed is recorded in Volume 134, page 27, Lake County Records of Deeds.

It is further observed that the petition of plaintiff prayed for judgment against W. W. Waters as well as against Joseph Hellriegel and Vernie Hellriegel for the amount due on the note set up in the petition, but no prayer for personal judgment against W. W. Waters is made in the cross-petition of the defendant, The Exchange Bank of Madison. The decree entered in the case specifically found that W. W. Waters was the present owner of the premises but there is no finding in this decree that W. W. Waters assumed or agreed to pay either the note of plaintiff or the note of defendant, The Exchange Bank of Madison, and no judgment or order is made in the decree against W.

W. Waters other than that his equity of redemption be foreclosed and the premises sold. It would have been entirely proper for the Common Pleas Court to have awarded execution against the defendants, Joseph Hellriegel and Vernie Hellriegel, for any deficiency judgment remaining after applying the proceeds of the sale of the mortgaged premises.

It is provided by the General Code of Ohio, Section 11664, that when the sheriff receives a writ of execution he shall first cause the same to be levied upon the goods and chattels of the judgment debtor and, for want of goods and chattels whereon to levy, the execution may be levied against the lands of the judgment debtor.

By Section 11588, General Code, it is provided that encumbered property must be ordered sold, but nothing in this section indicates that encumbered property is to be sold "as upon execution."

Section 11711, General Code, is as follows:

"When premises are ordered to be sold, and having been advertised and offered for sale, remain unsold for want of bidders, the court from which the order of sale issued, on motion of the plaintiff or defendant, shall order a new appraisement, and also may order that the land be sold as follows: One-third cash in hand, one-third in nine months from the day of sale, and the remaining third in eighteen months from the day of sale, the deferred payments to draw six per cent interest, and be secured by mortgage on the premises."

It is to be noted that this latter section of the General Code specifically refers to premises which are ordered to be sold.

Section 11653, General Code, defines "execution" as follows:

"An execution is a process of the court, issued by the clerk, and directed to the sheriff of the county.

Executions may be issued to the sheriffs of different counties at the same time.''

Section 11654, General Code, provides that executions are of three kinds:

"1. Against the property of the judgment debtor, including orders of sale;

"2. Against the person of the judgment debtor;

"3. For the delivery of the possession of real property, including real property sold under orders of sale. The writ must contain a specific description of the property, and a command to the sheriff to deliver it to the person entitled thereto. It also may require him to make the damages recovered for withholding the possession and costs, or costs alone, out of the property of the person who so withholds it.''

Under the first definition it clearly appears that an execution may issue against the property of the judgment debtor, but in the case we have under consideration the property sought to be sold was not the property of the judgment debtor. The judgment debtors were Joseph Hellriegel and Vernie Hellriegel; the property ordered sold was the property of W. W. Waters who was not found to be a judgment debtor. The second branch of the definition is not applicable for the same reason. The third definition is not applicable for the reason that the court made no order for the delivery of the possession of real property but decreed only that the equity of redemption be foreclosed and the property sold; so that it must be held that the inclusion in the decree of foreclosure of the words "as upon execution" are mere surplusage and meaningless.

There is no necessity for an order of the court in order that an execution may be issued. The writ of execution is issued by the clerk upon the filing of a precipe therefor, being for the recovery of the money for which judgment has been awarded, although it may

be properly said that an execution is a process of the court. Clearly, however, no order of the court awarding execution is necessary to entitle a judgment creditor to have a writ of execution issued by the clerk to subject the goods and chattels, and for want thereof the real estate, of the judgment debtor to the payment of the judgment.

In the case of *Brown* v. *Connecticut Mutual Life Ins. Co.*, 6 C. C., 62, 3 C. D., 350, it is held in the syllabus:

"4. An order of sale issued in a proceeding to foreclose a mortgage is *not an execution* within the purview of Section 5416, Revised Statutes [now Section 11710, General Code].

"5. When premises are ordered to be sold in a proceeding to foreclose a mortgage, and have been three times appraised by order of the court, and thereafter twice advertised and offered for sale, and then remain unsold for want of bidders, the court is *not empowered* to direct the amount for which the same shall be sold." (Italics ours.)

In *Brown* v. *Ins. Co., supra,* the Circuit Court for the county of Hancock very clearly holds that real estate ordered sold upon foreclosure is governed by Section 5417, Revised Statutes, which is now Section 11711, General Code. While we are not bound by the decision in that case, we are impressed with the reasoning thereof and are in accord therewith. We have traced the history of Sections 5416 and 5417, Revised Statutes, and find that these sections were not originally adopted at the same time. Section 5416, Revised Statutes, now Section 11710, General Code, was originally adopted in 65 Ohio Laws, 202, and Section 5417, Revised Statutes, now Section 11711, General Code, was originally adopted in 67 Ohio Laws, 114.

It seems clear that if the contention of the appellee in this case that Section 11710, General Code, provides for sales upon foreclosure of mortgages, then there

would have been no purpose in the Legislature reenacting Section 5417, Revised Statutes, by adopting Section 11711, General Code, since another provision of the Code, to wit, Section 11664, General Code, formerly Section 5381, Revised Statutes, authorizes the court to provide for the sale of real estate upon execution upon deferred payments. Section 5381, Revised Statutes, was originally adopted in 51 Ohio Laws, 57, and by amendment April 15, 1889, 86 Ohio Laws, 372, the power of the court to order sale of property upon execution upon deferred payments was provided for. The deferred payments provided for in the section dealing with sales on execution (Section 11664, General Code), differ from the deferred payments in the section dealing with sales of mortgaged premises on foreclosure (Section 11711, General Code).

We think the case at bar wherein no judgment was rendered against the owner of the real estate but only a sale of the encumbered property was ordered, furnishes a very clear example of the distinctive purposes of these two provisions of the General Code and shows that Section 11711, General Code, was intended to apply to property ordered sold under foreclosure decree, while Section 11710, General Code, applies to property of a *judgment debtor* sold upon execution.

It follows that the Common Pleas Court erred in overruling the motion of the Superintendent of Banks of the state of Ohio in charge of the liquidation of the Exchange Bank of Madison to set aside the sale made to the plaintiff; and that the Common Pleas Court likewise erred in confirming this sale.

Judgment reversed and cause remanded to the Common Pleas Court with instructions to sustain the motion of the appellant to set aside the sale made by the sheriff to Kentucky Joint Stock Land Bank of

Lexington, Kentucky, and for further proceedings according to law.

*Judgment reversed and cause remanded.*

ROBERTS, P. J., and CARTER, J., concur.